JUSTICE GRAY,
dissenting.
I respectfully dissent from the Court’s opinion on issue five.
*23 In Johnson, we focused on Montana’s public policy, reflected in various legislative enactments, to promote continuity and stability in children’s living arrangements. We determined that the legislature intended § 40-4-219, MCA, to promote that public policy by requiring a substantial showing before significantly altering the living arrangements to which a child has been accustomed. We concluded, on that basis, that § 40-4-219, MCA, is applicable to all situations which have the effect of substantially changing such living arrangements and, consequently, that the statutory jurisdictional requirements must be met before a district court may make such a change. Johnson, 879 P.2d at 694.
As a result of Johnson, this Court has two — and only two — alternatives in resolving issue five in the present case. The first is to apply both Johnson and § 40-4-219, MCA, pursuant to their terms. Choosing that alternative would require this Court to reverse the District Court because the plainly stated jurisdictional requirements of § 40-4-219, MCA, are not met here — a fact which the Court concedes. The second available alternative is to create an exception to Johnson’s applicability for circumstances such as those presented here; this alternative would enable us to properly affirm the District Court.
Faced with this difficult choice, the Court staunchly refuses to do either. Instead, it determines that § 40-4-219, MCA, is “inadequate” and then proceeds to rewrite it. The Court does so by deleting the language duly enacted by the Montana legislature regarding a move by the custodial parent and the children “to another state” and restating the jurisdictional requirement as a move to “a different location” which, in the view of a district court, “will hinder the effectiveness of the existing custody arrangement.”
The Court’s action totally violates our most basic statutory obligation not to omit from a statute what is contained therein. See § 1-2-101, MCA. More importantly, the Court’s action violates our most basic constitutional obligation — set forth in Article III, Section 1, of the 1972 Montana Constitution — to refrain from exercising power properly belonging to the legislative branch of government.
Moreover, the present case does not present an issue regarding the proper interpretation of § 40-4-219, MCA, even assuming any judicial interpretation of the plainly stated alternative jurisdictional requirements contained in subsections (l)(a) through (l)(f) were appropriate. We remanded this case to the District Court to determine whether Johnson applies. The District Court determined that Johnson does not apply and this Court properly concludes that that determination was erroneous. As set forth above, that conclusion mandates either a *24 reversal of the District Court or the creation by this Court of an exception to Johnson. Absolutely no basis exists for this Court to judicially rewrite a statute because it does not like the result reached in this case by applying its own judicial decision.
I agree that applying Johnson here creates a difficult situation. I disagree entirely with the Court’s means of addressing the difficulty.
Finally, I submit that the interests of Montana’s children in the stability and continuity of their living arrangements cannot be well served by this Court purporting to make up the statutory law of Montana as it goes along. Indeed, the interests of all Montanans in having the three branches of government take actions appropriate to their constitutional spheres, and in the consistency and stability of the laws of this state, are harmed by the Court’s action today.
As written, and as the Court agrees, Johnson applies here. Absent a reinterpretation oí Johnson to address circumstances such as those presented in this case, we must reverse the District Court.
JUSTICE NELSON joins in the foregoing dissent.